**MISSOURI, K. & T. RY. CO. OF TEXAS v. PLANO MILLING CO. et al.**
(No. 238–3425.)

(Commission of Appeals of Texas, Section A. June 1, 1921.)

**1. Commerce ⬤⟿33—Shipment held interstate.**

Where grain was shipped from Missouri to a point in Texas, and the Texas purchaser, on paying the draft with bill of lading attached, sold the grain to a purchaser in another part of Texas, and defendant railroad company before arrival of the shipment issued a bill of lading for transportation to the new destination, that shipment was interstate.

**2. Carriers ⬤⟿177(4)—Connecting carrier issuing bill of lading for shipment held liable for damages, though it did not have possession.**

A car of grain shipped from St. Joseph, Mo., to Sherman, Tex., was originally routed over the defendant connecting carrier's line, but after bill of lading was issued the routing was changed on request of the shipper. The bill of lading with draft attached was forwarded to the purchaser, who paid the draft, and, receiving the bill of lading, presented the same to the agent of the defendant with request that the car be forwarded to another point in Texas. The agent accepted it and issued a new bill of lading, though the car had not arrived. A month after the car arrived in Sherman, and was forwarded by defendant to the new destination, where the grain was found to be in a damaged condition and sold at a loss. *Held*, that defendant was liable notwithstanding the car was transported to Sherman by an agency other than defendant due to the change in the routing; for on notice to defendant that the car was in Sherman it was its duty to transport the same in a reasonable time.

Appeal from Court of Civil Appeals of Sixth Supreme Judicial District.

Suit by the Plano Milling Company against the Missouri, Kansas & Texas Railway Company of Texas and others, in which J. G. Puterbaugh intervened. From a judgment for the intervener, the named defendant and another appealed to the Court of Civil Appeals, where judgment was affirmed in part and in part reversed and rendered (214 S. W. 833), and the named defendant brings error. Judgment of Court of Civil Appeals affirmed.

Dinsmore, McMahan & Dinsmore, of Greenville, and Wallace Hughston, of McKinney, for appellant.

J. E. Whitehead, of Oklahoma City, Okl., and G. P. Brown, of McKinney, for appellee Plano Milling Co.

Lee & Lomax, of Fort Worth, and Head, Dillard, Smith, Maxey & Head, of Sherman, for appellee Houston & T. C. Ry. Co.

Slay, Simon & Smith, of Fort Worth, for appellee Walker Grain Co.

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

SPENCER, J. On February 24, 1912, the Burke Grain Company delivered to the Chicago & Great Western Railway Company at St. Joseph, Mo., a car of corn which the grain company had sold to the Walker Grain Company of Fort Worth. The railway company issued a bill of lading showing the shipment to have been consigned to the order of the Burke Grain Company notify the Walker Grain Company. The car was routed, according to the bill of lading, over the line of the initial carrier to Kansas City, and thence over the Missouri, Kansas & Texas Railway to Sherman, Tex. At the request of the shipper, made February 27th, the railway company changed the routing, and the shipment moved in accordance with this change from Kansas City to Sherman over the lines of the Atchison, Topeka & Sante Fé Railway, the Gulf, Colorado & Sante·Fé Railway, and the Houston & Texas Central Railway Company. The shipper attached the bill of lading, which did not show the changed routing, to a draft drawn on the Walker Grain Company. Upon presentation Walker Grain Company paid the draft and thus procured the bill of lading.

On February 29, the Walker Grain Company, presented this bill of lading to the agent of the Missouri, Kansas & Texas Railway Company of Texas, with request that the car be forwarded to Plano, Tex. In compliance with the request, the agent accepted the bill of lading and issued in lieu thereof its bill of lading calling for a delivery of the car at Plano, Tex., to the order of Walker Grain Company, notify Plano Milling Company, Plano, Tex.

The Walker Grain Company attached the latter bill of lading to a draft on the Plano Milling Company for the purchase price of the car, which draft was paid upon presentation.

Immediately upon arrival of the car at Sherman March 12, 1912, the agent of the Houston & Texas Central Railway Company notified the Walker Grain Company of its arrival, and the grain company in turn notified plaintiff in error and requested it to have the car forwarded to Plano.

As soon as the agent at Sherman learned that the car was intended for delivery at Plano, it was forwarded there. The record does not reveal the exact delay at Sherman, but it must have been considerable, as demurrage had accrued, and the car did not reach Plano until April 13, 1912. Upon inspection at Plano, the car was found to be in a greatly damaged condition and was sold at a loss.

This suit was instituted by the Plano Milling Company against the Atchison, Topeka & Santa Fé Railway Company, the Gulf, Colorado & Santa Fé Railway Company, the Missouri, Kansas & Texas Railway Company, the Houston & Texas Central Railway Company, the Missouri, Kansas & Texas Railway Company of Texas, the Chicago & Great Western Railway Company, and the Walker Grain Company to recover the loss sustained. J. G. Puterbaugh, having purchased of the milling company the claim upon which the suit is based, intervened to assert his right. Judgment of dismissal was rendered as to the grain company and the first four mentioned railway companies, and no appeal was taken from this judgment.

Judgment was also rendered that the milling company take nothing by its suit, and that intervener recover against the Chicago & Great Western Railway Company and the Missouri, Kansas & Texas Railway Company of Texas in the sum of $1,292.35. Upon appeal the Court of Civil Appeals reversed and rendered the judgment as to the Chicago & Great Western Railway Company, and affirmed the judgment as to the Missouri, Kansas & Texas Railway Company of Texas, 214 S. W. 833. The Missouri, Kansas & Texas Railway Company of Texas alone appeals.

The defendant in error predicates its cause of action against plaintiff in error upon the theory that it in good faith purchased the order bill of lading issued by plaintiff in error, paying value therefor and relying upon the recitals contained therein that the car was in its possession and under its control.

[1] It is admitted by the parties to this appeal that the shipment was interstate. That the shipment was interstate is in accord with the holding by the Supreme Court of the United States in A., T. & S. F. Ry. Co. v. Harold, 241 U. S. 371, 36 Sup. Ct. 665, 60 L. Ed. 1050.

[2] Plaintiff in error insists that, as the court found that it had never received the car in question, it was not bound by the recitals in the bill of lading as to the receipt of the goods, but that it could show, even as against an innocent holder of the bill of lading, that it did not in fact receive the goods, and that therefore there was no valid contract to carry or deliver them. In support of this contention it relies upon Friedlander v. Texas & P. Ry. Co., 130 U. S. 424, 9 Sup. Ct. 570, 32 L. Ed. 994, and The Carlos F. Roses, 177 U. S. 665, 20 Sup. Ct. 803, 44 L. Ed. 933 which hold in effect that the agent of a carrier has no authority to sign a bill of lading for goods not actually received, and if he does so his act does not bind the carrier, even in favor of an innocent purchaser of the bill for value.

The rule announced in those cases is inapplicable here. In all of those cases the goods called for by the bills of lading were never at any time in the actual or constructive possession of the carriers sought to be charged; while in this case the carrier had constructive, if not actual, possession of the goods. Plaintiff in error did not deny the authority of its agent to issue the bill of

lading in lieu of the original one. Had the shipment not been diverted, it would have reached the Texas state line, where the Missouri, Kansas & Texas Railway Company connects with the Missouri, Kansas & Texas Railway Company of Texas, over the Missouri, Kansas & Texas Railway Company, and thereafter carried by the Missouri, Kansas & Texas Railway Company of Texas to Sherman, and had it thereafter moved, as contemplated by the bill of lading issued by plaintiff in error, the latter would have delivered it to the Houston & Texas Central Railway Company for transportation to Plano.

The possession of the original bill of lading by plaintiff in error and the execution of the bill of lading by it imposed the duty upon it to demand and receive the car from the Missouri, Kansas & Texas Railway Company, and upon receipt thereof to deliver the same to the Houston & Texas Central Railway Company to be transported to Plano. The terms of the bill of lading bound plaintiff in error to transport the car from Sherman to Plano. It is not to be excused from a performance of its duty to deliver the car at Plano merely because the car was found in possession of the Houston & Texas Central Railway Company—the agency selected by it to complete the haul. Its duty to have the haul completed in accordance with the contract arose simultaneously with the notice to it that the car was in possession of the Houston & Texas Central Railway Company. The bill of lading became operative from the date of such notice. The situation here is somewhat analogous to that where a bill of lading is prematurely issued and the goods called for by the bill are subsequently delivered. In such cases the rule, as announced by the Supreme Court of the United States, is:

"It is not only the utterance of common honesty, but the declaration of judicial tribunals, that a delivery of goods to a ship corresponding in substance with a bill of lading given previously, if intended and received to meet the bill of lading, makes the bill operative from the time of such delivery. At that instant it becomes evidence of the ownership of the goods. Thus in Rowley v. Bigelow, 12 Pick. 307, it is said, a bill of lading operates by way of estoppel against the master, and also against the shipper and indorser. The bill acknowledges the goods to be on board before the bill of lading is signed. But if, through inadvertence or otherwise, the bill of lading is signed before the goods are on board, upon the faith and assurance that they are at hand, as if they are received on the wharf ready to be shipped, or in the shipper's own warehouse, * * * and afterwards they are placed on board, as and for the goods embraced in the bill of lading, as against the shipper and master the bill will operate on those goods by way of relation and estoppel.'" The Idaho, 93 U. S. 575, 23 L. Ed. 978.

Plaintiff in error, having declined, upon being notified that the shipment was in the hands of the Houston & Texas Central Railway Company, to take any steps toward having the haul completed, thereby breached its contract, and is therefore liable for the damages suffered as a result of the breach.

We recommend, therefore, that the judgment of the Court of Civil Appeals be affirmed.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.